CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 14, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **JIMMY EDWARD TINSLEY,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:21-cv-00270** |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **JOSEPH W. WALTERS,**[1] | ) | **Senior United States District Judge** |
| **Respondent.** | ) | |

**MEMORANDUM OPINION**

In April 2021, Jimmy Edward Tinsley, a Virginia inmate proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2018 convictions in Henry County Circuit Court. On March 28, 2022, the court granted the respondent's motion to dismiss the petition. The court concluded that the petition was untimely and that no exception applied to excuse the untimely filing. <u>See</u> Mem. Op., ECF No. 30, at 16. The case is presently before the court on Tinsley's motion for relief from the final judgment under Federal Rule of Civil Procedure 60(b). ECF No. 63. Because Tinsley has failed to meet his threshold burden of showing that reopening the case would not be an empty exercise or futile gesture, the motion is **DENIED**.

"Rule 60(b) allows a court to 'relieve a party . . . from a final judgment, order or proceeding' on a limited number of grounds." <u>Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC</u>, 859 F.3d 295, 299 (4th Cir. 2017) (quoting Fed. R. Civ. P. 60(b)). "To prevail, a

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Joseph W. Walters, the current Director of the Virginia Department of Corrections, is substituted as the respondent.

party must demonstrate (1) timeliness, (2) a meritorious [claim or] defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." Id. Once a party has met these threshold requirements, "he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." Justus v. Clarke, 78 F.4th 97, 106 (4th Cir. 2023).

With respect to the second threshold requirement, courts have explained that a meritorious claim or defense "requires a proffer of evidence which would permit a finding for the [moving] party or which would establish a valid [claim]." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988). "The requirement that parties seeking Rule 60(b) relief show some prospect of succeeding on the merits flows from the basic principle that courts should revive previously-dismissed claims only if they have some reason to believe that doing so will not ultimately waste judicial resources." Thomas v. Holder, 750 F.3d 899, 903 (D.C. Cir. 2014). Thus, to obtain relief under Rule 60(b), "a petitioner must show that 'vacating the judgment will not be an empty exercise'" or futile gesture. Justus, 78 F.4th at 105 n.6 (quoting United States v. Harris, 268 F. Supp. 2d 500, 504 (E.D. Pa. 2003)); see also Boyd v. Bulala, 905 F.2d 764, 769 (4th Cir. 1990) ("Under all the provisions of Rule 60(b), a threshold condition for granting relief is that the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that [the movant] has a meritorious defense or claim.").

Tinsley has not satisfied this threshold requirement. In the pending motion, Tinsley makes two arguments: (1) that the Supreme Court of Virginia improperly dismissed his state habeas petition as untimely, and (2) that a June 2025 determination made by a subcommittee of the Virginia State Bar demonstrates that his state appellate counsel was ineffective for failing

2

to file a direct appeal to the Supreme Court of Virginia. Neither argument, however, alters the court's conclusion that his federal petition was time-barred.

As the court explained in its previous opinion, the judgment in Tinsley's criminal case became final on September 6, 2019, the last date on which he could have filed a direct appeal to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:9(a); Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) (holding that when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires"). The one-year period of limitation for filing a federal habeas petition set forth in 28 U.S.C. § 2244(d)(1)(A) began running on that date. Although the one-year period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), Tinsley did not file a state habeas petition until September 4, 2020. By that point, 364 days had run toward the one-year period of limitation.[2] Even assuming that the state petition was "properly filed" for purposes of § 2244(d)(2), the state habeas proceedings ended on March 25, 2021, when the Supreme Court of Virginia denied Tinsley's petition for rehearing, and the state petition was no longer "pending" after that date. See Lawrence v. Florida, 549 U.S. 327, 332 (2007) (holding that a state habeas petition remains "pending" for purposes of § 2244(d)(2) until the petition "has achieved final resolution through the State's postconviction procedures") (internal quotation marks omitted). Since Tinsley did not place his federal petition in the prison mail until April 15, 2021, three weeks later, the petition was plainly untimely under § 2244(d)(1)(A), even with the benefit of statutory tolling pursuant to § 2244(d)(2).

---

[2] The court notes that 2020 was a leap year, consisting of 366 days.

Tinsley's argument that the Supreme Court of Virginia erred in dismissing his state habeas petition as untimely under Virginia law is "not cognizable on federal habeas review," Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (citing Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)), and does not alter the court's conclusion that his federal petition was untimely. Nor does the new evidence indicating that Tinsley's state appellate attorney violated Virginia Rules of Professional Conduct by failing to file a direct appeal to the Supreme Court of Virginia after being asked to do so. Even assuming that Tinsley's appellate counsel provided ineffective assistance, it would not excuse the untimely filing of his federal habeas petition. Tinsley acknowledges that he "discovered his [direct] appeal had not been filed and the deadline had expired" in "January 2020," ECF No. 63 at 3, nearly eight months before he filed his state habeas petition and nearly fourteen months before he filed his federal petition. The Supreme Court has "made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Tinsley has not presented evidence sufficient to satisfy either element. The mere fact that Tinsley may not have understood "how the statute of limitations operated in his case . . . is neither extraordinary nor a circumstance external to his control." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). "[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." Id.

For these reasons, Tinsley's petition for a writ of habeas corpus under § 2254 remains untimely, and he has not shown that he could satisfy the requirements for equitable tolling or any other exception to the limitations bar. Because there is no basis to believe that vacating

the dismissal of his § 2254 petition would not be an empty exercise or futile gesture, Tinsley's

motion for relief under Rule 60(b), ECF No. 63, is **DENIED**.[3]

An appropriate order will be entered.

Entered: April 14, 2026

Michael F. Urbanski
U.S. District Judge
2026.04.14
14:55:19 -04'00'

Michael F. Urbanski
Senior United States District Judge

---

[3] In light of the court's decision, Tinsley's motions to proceed in forma pauperis, for appointment of counsel, and for an evidentiary hearing, ECF Nos. 64–66, will be denied as moot.